HAMITER, Justice
(dissenting).
LSA-R.S. 18:555 (as amended), the •source of which is Section 12 of Act 224 ■Of 1940, recites that in every parish the board of supervisors shall appoint the necessary commissioners and clerks for general elections from lists containing names furnished by each political party. It concludes: “The parish committee, subject to the approval of the state central committee of each political party, shall select the names which are to be sent to the board as provided herein.”
In this cause (I did not participate in the granting of the writs which brought it here) an interpretation of the quoted provision is necessary, and for determination is the question of whether or not such provision requires that the names submitted by the parish party committee to the board of supervisors, in order for the list containing them to be acceptable, valid and legal, be specifically approved by the party’s state central committee.
Considering the history of the development of the legislation under consideration, along with the construction heretofore given to it by the affected agencies with the apparent sanction of the Legislature, I am of the opinion that such question should be answered in the negative.
For many years prior to 1934 our statutory law, Act 130 of 1916, directed the board of supervisors to make the appointments of commissioners and clerks from lists of names compiled and furnished by each of the several political parties. Although there was no provision then as to who should prepare the lists the compilations (at least since 1926 according to the record)' were made and submitted by the parish party committee without any obj ection *155 from the state central committee, and they were acted upon by the board of supervisors.
By an Act of 1934 (No. 6 of the First Extra Session) and another in 1936 (No. 125) the election law was changed by deleting the requirement that the boards’ appointments be made from lists of names furnished by each political party. However, by Act 224 of 1940 (the source of LSA-R.S. 18:555) the Legislature restored the previously deleted requirement. It enacted as Section 12 of such statute the identical language contained in the same numbered section of Act 130 of 1916 and, in connection therewith, added the provision in dispute herein. This addition clearly was a recognition of the discussed historic act of the parish party committee (providing the board with lists of names) when performed with the approval of the state central committee, which approval for many years prior to the 1934 statute had been tacitly given. And, according to the record, continuously since 1940 — a period of 16 years in which at least seven general elections were held — the same tacit approval of the lists submitted by the parish party committees throughout the state has been accepted by the various boards without any objection from them or even from the Legislature which undoubtedly was aware of the practice followed.
True, the record discloses that in February, 1956 the Democratic State Central Committee adopted a resolution authorizing the parish party committees to prepare and submit to the boards of supervisors the necessary lists in connection with the holding of the April, 1956 general election. But this action had no effect on the discussed tacit approval granted by it during the previous sixteen years or that which might be given thereafter. Rather, it indicates that the names actually selected by the parish party committees do not themselves have to be approved by the state central committee.
Of course, had the Democratic State Central Committee at its meeting in February, 1956 expressed disapproval of the parish party committees’ custom of selecting and submitting the names, it might be successfully argued that thereafter a resumption of the former practice would require specific approval. But the mentioned adopted resolution indicated no intention of discontinuing the tacit approval that had been extended and accepted through the years.
It is my view, therefore, that in the absence of specific objection on the part of the appropriate state central committee the lists of names prepared and submitted by parish party committees to the boards of supervisors, as provided for in LSA-R.S. 18:555, are legal and valid and must be acted upon by such boards. Incidentally, I cannot bring myself to believe that the Legislature ever intended to require the *157 state central committee to convene in special session shortly before every general election for the purpose of scrutinizing and specifically approving at "least six names submitted from each of the 2,041 precincts in this state — a minimum total of 12,246 names.
I respectfully dissent.